UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL INSURANCE COMPANY,
                              Plaintiff,

-v-

CLE TRANSPORTATION, INC.,
                              Defendant.

18-CV-11119 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Federal Insurance Company, as subrogee of Cranston Trucking Co., brings this action against Defendant CLE Transportation, Inc. for losses arising out of CLE's failure to deliver a toothsome shipment of confections and potables from New York to California. CLE has entirely failed to appear in this proceeding. Federal Insurance therefore moves for entry of default judgment. For the reasons that follow, the motion is granted.

**I.    Background**

The following facts are taken from the complaint. (*See* Dkt. No. 1 ("Compl.").)

Plaintiff Federal Insurance Company is an insurance provider for Cranston Trucking Co. (Compl. ¶ 3.) In 2017, Cranston Trucking contracted with Defendant CLE Transportation, Inc. to transport a trailer of "confections, energy drinks, snacks and candies" from New York to California. (Compl. ¶ 6.) CLE accepted the trailer containing the sundry treats on November 30, 2017. (Compl. ¶ 8.) After arriving in California, CLE parked the trailer in an unsecured location for storage over the weekend. (Compl. ¶ 9.) When CLE returned to retrieve the trailer, it was discovered that the ambrosial cargo had vanished. (Compl. ¶ 10.) Accordingly, the shipment was never delivered, causing Cranston Trucking to suffer a loss of $96,850.35. (Compl. ¶¶ 10,

1

13.) The loss was covered by Cranston Trucking's insurance policy with Federal Insurance. (Compl. ¶ 13.)

In 2018, Federal Insurance filed this action against CLE for breach of contract, breach of bailment, and negligence. (Compl. ¶¶ 18–32.) Federal Insurance seeks $96,850,35 in damages, as well as interest and costs. (Compl. ¶ 7.) To date, however, CLE has neither filed an answer nor otherwise appeared in this proceeding. The Clerk of Court entered a certificate of default on March 15, 2019. (Dkt. No. 11.) Federal Insurance has moved for entry of default judgment.

## II. Legal Standard

A litigant has defaulted when she "has failed to plead or otherwise defend" against a claim "for affirmative relief." Fed. R. Civ. P. 55(a). "[A] default is an admission of all well-pleaded allegations against the defaulting party." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). As a general matter, then, "a court is required to accept all of the . . . factual allegations [of the nondefaulting party] as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Nonetheless, a district court must still determine whether the well-pleaded facts establish "liability as a matter of law." *Id.*

## III. Discussion

The Court first considers the question of jurisdiction, then analyzes the merits of Federal Insurance's claims, and then finally turns to the issue of damages.

### A. Jurisdiction

Before granting a motion for default judgment, a court must first assure itself that it has subject-matter jurisdiction over the action. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 125–26 (2d Cir. 2011). The jurisdictional statement in Federal Insurance's complaint explicitly premises this Court's jurisdiction on 28 U.S.C. § 1337, which provides for

"original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce . . . if the matter in controversy for each receipt or bill of lading exceeds $10,000." (*See* Compl. ¶ 1.) The jurisdictional statement further avers that Federal Insurance "seeks damages . . . under the Carmack Amendment to the Interstate Commerce Act" — a provision creating a cause of action against motor carriers responsible for loss or damage to goods transported in interstate commerce. *See* 49 U.S.C. § 14706(d)(3). At first glance, then, it seems federal jurisdiction is availing.

Curiously, though, the rest of the complaint expressly pleads only *state-law* causes of action for "breach of contract" (Compl. ¶¶ 18–22), "breach of bailment" (Compl. ¶¶ 23–27), and "negligence" (Compl. ¶¶ 28–32). There is no explicit reference to the federal cause of action created by the Carmack Amendment. (*See* Compl. ¶¶ 6–32.) Thus, the existence of federal jurisdiction turns on whether Federal Insurance has in fact pleaded a claim under the Carmack Amendment. If so, then jurisdiction exists because the case "aris[es] under [an] Act of Congress regulating Commerce." § 1337(a). Otherwise, jurisdiction is lacking.[1]

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim" that must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). Here, the complaint states that it seeks "damages for injury to freight shipped in interstate commerce *under the*

---

[1] Diversity jurisdiction is unavailing because Federal Insurance has failed to allege CLE's citizenship. The complaint itself contains no allegation about CLE's citizenship. (*See* Compl. ¶ 4.) The motion for default judgment is accompanied by an affidavit stating that CLE's principal place of business is located in California. (Dkt. No. 19 ¶ 2.) But "a corporation shall [also] be deemed to be a citizen of any State by which it has been incorporated." 28 U.S.C. § 1332(c)(1). In the absence of any information concerning CLE's state of incorporation, the Court cannot determine whether diversity jurisdiction exists.

*Carmack Amendment.*" (Compl. ¶ 1 (emphasis added).)[2] The complaint also states, at various points, that CLE "owed a contractual *and statutory* duty" to Cranston Trucking and that the breach of that "statutory" duty led to the complained-of losses. (Compl. ¶ 20 (emphasis added).) The Court concludes that these statements placed CLE on sufficient notice of Federal Insurance's intent to assert a claim under the Carmack Amendment. Accordingly, federal jurisdiction over the claim exists under § 1337.

### B. Liability

Although Federal Insurance[3] pleads claims under both state law and the federal Carmack Amendment, only the federal claim can be maintained. The state-law claims are preempted by the Carmack Amendment, which "preempts all state law on the issue of interstate carrier liability." *Aviva Trucking Special Lines v. Ashe*, 400 F. Supp. 3d 76, 79 (S.D.N.Y. 2019).

Under the Carmack Amendment, a plaintiff "establishes his prima facie case when he shows delivery in good condition, arrival in damaged condition, and the amount of damages." *Mo. Pac. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964). In the complaint, Federal Insurance alleges that the shipment of confections, drinks, and candy were initially delivered to CLE in "good order and condition." (Compl. ¶ 19.) The complaint also alleges that CLE failed entirely to deliver the bequeathed bonbons to California. (Compl. ¶ 20.) Pursuant to its obligations under the insurance contract, Federal Insurance paid at least $96,850.35 for the losses

---

[2] It matters not that this statement appears in the complaint's jurisdictional statement. Under Rule 8, "[n]o technical form is required," and "[p]leadings must be construed so as to do justice." *See also Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 343 (2d Cir. 2006) ("The fundamental command of the Federal Rules of Civil Procedure is 'never to exalt form over substance.'" (quoting *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005))).

[3] Federal Insurance is an insurer-subrogee and therefore stands in the shoes of Cranston Trucking, its insured. *See Gibbs v. Hawaiian Eugenia Corp.*, 966 F.2d 101, 106 (2d Cir. 1992).

4

suffered by Cranston Trucking. (Compl. ¶¶ 17–19, 22.) Thus, Federal Insurance has sufficiently alleged the elements of a claim under the Carmack Amendment against CLE.

### C. Damages

"Even when a default judgment is warranted based on a party's failure to defend," the plaintiff still has the burden to prove damages with a "reasonable certainty." *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Federal Insurance seeks damages in the amount of $96,850.35 for losses paid out to Cranston Trucking. In support of this amount, Federal Insurance submits an affidavit from Charlie Edgerton, an officer of Cranston Trucking, who avers that the lost cargo comprised four shipments valued at $12,792.60, $28,002.90, $40,305.18, and $15,749.67. (Dkt. No. 19 ¶¶ 8, 10, 12, 14.) Edgerton attaches invoices for each of the shipments, as well as a copy of the agreement in which Federal Insurance assented to cover the loss in the amount of $96,850.35. The Court concludes that Edgerton's affidavit, along with the attached exhibits, supports Federal Insurance's claim for damages.

Further, Federal Insurance seeks prejudgment interest from December 5, 2017 (the date of both the loss and expected delivery) to the date of this judgment. (Dkt. No. 19 ¶ 23; Dkt. No. 19-2.) Generally, an award of prejudgment interest is within the Court's discretion. *See Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1071 (2d Cir. 1995). Such an award is warranted in this case, as the Court "is aware of no reason why prejudgment interest would be inappropriate." *Atl. Mut. Ins. Co. v. Napa Transp., Inc.*, 399 F. Supp. 2d 523, 526 (S.D.N.Y. 2005). As for the applicable interest rate, Federal Insurance asserts — *sans* citation — that it is entitled to "the legal rate of interest of 8% per annum." (Dkt. No. 19 ¶ 23.) But courts in

5

Carmack Amendment cases have typically employed the rate provided by 28 U.S.C. § 1961. *See Atl. Mut. Ins.*, 399 F. Supp. 2d at 527.[4]

Accordingly, Federal Insurance is awarded prejudgment interest at the statutory rate under § 1961 from December 5, 2017, the date of the expected delivery,[5] to the date of this judgment.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for entry of default judgment is GRANTED. Plaintiff is awarded $96,850.35 in compensatory damages, as well as prejudgment interest at the federal statutory rate from December 5, 2017, to the date of judgment. The Clerk of Court shall enter judgment accordingly.

The Clerk of Court is directed to close the motion at Docket Number 18, and to close this case.

SO ORDERED.

Dated: March 30, 2020
   New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[4] Under § 1961, the interest rate is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a).

[5] Some courts have held that prejudgment interest under the Carmack Amendment "begin[s] accruing as of date [the] subrogee pa[ys] subrogor's claim." *Fireman's Fund Ins. Co. v. Never Stop Trucking, Inc.*, No. 08-CV-3445, 2009 WL 3297780, at *3 (E.D.N.Y. Oct. 13, 2009). This Court finds that the better rule is to calculate interest from the date of expected delivery, as a subrogee "should have the same rights" as the insured, and the insured "would no doubt be entitled to prejudgment interest from the date of expected delivery." *Atl. Mut. Ins.*, 399 F. Supp. 2d at 526.

6